```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

| | |
|---|---|
| JULIAN GONZALEZ, | § |
| | § |
| V. | § CIVIL ACTION 4:15-CV-021-Y |
| | § |
| SHANE NEAL, State Trooper, | § |
| Texas Department of | § |
| Public Safety | § |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Julian Gonzalez's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Gonzalez, an inmate at the Texas Department of Criminal Justice, Gib Lewis Unit, initially filed a handwritten complaint, and later in response to Court orders, a form civil-rights complaint and a more definite statement. Gonzalez does not challenge anything about his present confinement. Instead, Gonzalez raises several challenges to the actions of Texas Department of Public Safety Officer Shane Neal arising from an April 2013 traffic stop, and Gonzalez's subsequent arrest and his resulting conviction.[1] (Compl. (doc. 1); Supplemental Compl. (doc. 9); More Definite Statement (MDS) (doc. 15)).

The claims arise from events that took place on April 17, 2013. Gonzalez alleges Officer Neal stopped and detained him for a failure to wear a seat belt, and then asked Gonzalez to empty his pockets, at which time "the drugs fell out of my pants," resulting in

---

[1] Although Plaintiff initially named the Texas Department of Public Safety as a defendant, he subsequently moved to dismiss such defendant, and the Texas Department of Public Safety was dismissed by order and Rule 54(b) judgment entered September 4, 2015.

Gonzalez's arrest. (Compl. (doc. 1) at 2.) Although Plaintiff acknowledges he was indicted and convicted in "cause number SR 12512 in the 355th Judicial District Court of Hood County, Texas," he does not list the charge, conviction, and sentence.(MDS, doc. 15, at 3.) But Gonzalez pleaded guilty and was convicted in cause number CR12512 in the 355th Judicial District Court, Hood County, Texas on February 14, 2014, of manufacture or delivery of a controlled substance in penalty group 1--more than 4 grams but less than 200 grams--and sentenced to 30 years' imprisonment.[2]

In this case, Gonzalez contends that Officer Neal violated his rights under the Fourth Amendment by detaining and seizing him without probable cause. (MDS (doc. 15, at 1.) Gonzalez also contends that his Fourteenth Amendment rights to equal protection of law and due process of law were violated because he believes he was stopped and detained beyond the time necessary to review a seat-belt violation only because he was a "Mexican." (MDS (doc. 15) at 1.) Gonzalez also alleges his Fifth and Fourteenth Amendment rights were violated due to the alleged illegal search and seizure of drugs, the officer's improper questioning of him, and the use of illegally seized evidence to convict him. (Compl. (doc. 1), at 4.) Gonzalez also complains of and alleges that his right to due process of law was violated when his truck and items of personal property were

---

[2]The Court takes judicial notice of the public information obtained from the records of the Hood County District Clerk regarding Case No. 12512. *See* https://txhoododyprod.tylerhost.net/PublicAcesss/CaseDetail.aspx?CaseID=24988; *see also* Fed. R. Evid. 201(b)(2) and (c)(1).

2

seized and never returned. (MDS (doc. 15) at 1,7.) Gonzalez seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (Compl. (doc. 1) at 5.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006). Furthermore, as a part of the Prison Litigation Reform Act (PLRA), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke*, 490

3

U.S. at 327.) After review of Gonzalez's pleadings under these standards, the Court concludes that all of Plaintiff's claims must be dismissed except those related to the seizure of property.

With regard to Plaintiff's claims related to the lawfulness of his detention, search, seizure of drugs, and use of drugs as evidence to convict him, the Court concludes that such claims are not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking relief from this Court against Texas State Trooper Neal over actions related to the validity of his arrest and his conviction in state court. Under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court determined that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck. See Reger v. Walker,* 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983

4

action because they imply the invalidity of conviction); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

Gonzalez asserts several distinct claims based upon the alleged violation of different constitutional rights. But all of his claims under the Fourth, Fifth, and Fourteenth Amendments relating to whether defendant Neal had probable cause, selectively detained him, illegally searched him and seized evidence, and related that evidence as a basis to convict him, must be dismissed. All of these claims arise from and are based upon fact allegations interrelated to the drug-possession charge for which Gonzalez was convicted. In this regard, Gonzalez acknowledges that his appointed criminal counsel filed a motion to suppress during the state criminal proceedings, and that the motion was denied. (MDS (doc. 15) at 4-5.) Because all of such claims by Gonzalez in this action, if successful, would necessarily undermine the validity of his controlled-substance conviction, and because he has not shown that the conviction has been reversed or set aside, his claims for damages and declaratory and injunctive relief under 42 U.S.C. § 1983 are not cognizable under *Heck v. Humphrey,* and must be dismissed. *See Heck*, 512 U.S. at 487-88; *see generally Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995) (Fourth and Fourteenth Amendment claims

5

challenging search and seizure barred by *Heck*); *Dailey v. Middleton, et al.*, No. 6:13-CV-485, 2013 WL 5353035, at *1-2 (E.D. Tex. Sep. 245, 2013) (Plaintiff's claim that he was subjected to a violation of his right to equal protection barred by *Heck*); *Huynh and Nyuyen v. City of Houston, Texas, et al.*, No. H-10-1303, 2011 WL 6250792, at #6 (S.D. Tex. Dec. 12, 2011) ("Plaintiffs' § 1983 claim for selective application of law based upon either their race, national origin, or religion, in violation of their equal protection rights, would necessarily impugn their conviction on the citation . . . and thus is barred by the 'favorable termination rule' announced by the Supreme Court in *Heck v. Humphrey*")(internal citation and footnote omitted).

Plaintiff also has a claim under the Fourteenth Amendment that defendant Neal improperly seized his truck and his personal property. It is unclear from the instant pleadings whether the truck was the subject of a forfeiture proceeding to which Plaintiff was a party, and whether the seizure of Plaintiff's truck and other personal property would be the subject to the *Parrat/Hudson* doctrine.³ Thus, at this time, Plaintiff Gonzalez's remaining claim

---

³The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1. Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.*See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from

against defendant Neal for the seizure of his truck and personal property remains pending before the Court.[4]

Therefore, all of Plaintiff's claims in this case, except Plaintiff's claims against defendant Neal related to the seizure and loss of his truck/personal property, are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e) (2)(B)(i) and (ii).[5]

SIGNED November 16, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.") But in several cases arising from § 1983 challenges to seizure of property, courts have held the claim was not necessarily barred by such doctrine. *See generally Alexander v. Ieyoub,* 62 F.3d 709, 712-13 (5th Cir. 1995) (challenge to seizure of automobile not barred by *Parrat/Hudson* doctrine); *Lacy v. Thaler,* No. 12-40792, 2012 WL 59142561, at *1 (5th Cir. Nov. 16, 2012); *Eaves v. Texas,* 427 F. App'x 378, 379-80 (5th Cir. 2011).

[4]By separate order, the Court will allow Plaintiff to obtain service of process of this lone remaining claim against defendant Neal.

[5]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

7